# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRADY SCHMITENDORF, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>Plaintiff(s),  )<br>)<br>v.  )<br>)<br>JUICY'S VAPOR LOUNGE INC., an Oklahoma corporation,  )<br>)<br>)<br>Defendant/Third Party Plaintiff,  )<br>)<br>v.  )<br>)<br>EYERATE, INC.,  )<br>)<br>Third Party Defendant.  )<br>) | Case No. 2:22-cv-02293-TC-GEB |

## MEMORANDUM AND ORDER
## AND REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant/Third Party Plaintiff Juicy's Vapor Lounge, Inc.'s ("Juicy's") Motion for Leave to Amend Third-Party Complaint, ("Motion.") **(ECF No. 53).** Third Party Defendant, EyeRate, Inc., ("EyeRate") filed its response to Juicy's Motion **(ECF No. 57),** and, on August 9, 2023, Juicy's filed its reply. **(ECF No. 58**). Plaintiff Schmitendorf advances no argument in this dispute between Juicy's and Eyerate. On August 28, 2023, the Court heard oral argument on the Motion. **(ECF No. 60)**.

This matter is fully briefed, and the Court is now prepared to rule. For the reasons set forth below, the Court **GRANTS** Juicy's Motion as it relates to abandonment of Counts

I and III.  The Court **RECOMMENDS** Juicy's Motion, as it relates to amendment of Count II, be **DENIED** as futile.

## I. Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II. Background

Plaintiff Schmitendorf brings this putative class action against Juicy's pursuant to the Telephone Consumer Protection Act, ("TCPA").[1]  Plaintiff Schmitendorf alleges, among other things, Juicy's sent telemarketing text messages to him and other individuals in violation of the TCPA. Juicy's filed its answer on September 1, 2022, and then sought leave to file a third-party complaint on December 9, 2022.[2] The Court granted Juicy's uncontested motion, and, on January 12, 2023, Juicy's filed its third-party complaint against EyeRate.[3]

In its third-party complaint, Juicy's alleges EyeRate is a third-party vendor it used to send promotional text messages on Juicy's behalf, including a portion of those sent to Plaintiff Schmitendorf. The process for sending the text messages through EyeRate, as

---

[1] ECF No. 1.
[2] ECF Nos. 7, 18.
[3] ECF Nos. 19, 20.

described by Juicy's, is to upload an Excel file to EyeRate which contains a list of telephone numbers to target for receipt of promotional texts and pushing the "submit" or "go" button to initiate the text campaign. In this case that list included Plaintiff Schmitendorf's phone number.

Currently, Juicy's third-party complaint alleges three claims against EyeRate for breach of contract, negligence, and breach of warranty.[4] In response to the third-party complaint, EyeRate filed a motion to dismiss arguing Juicy's failed to state a claim under Fed. R. Civ. P. 12(b)(6) as to each of its three claims.[5] As of this writing, EyeRate's motion to dismiss is pending.

Despite a December 9, 2022, deadline for filing any motion seeking leave to amend pleadings, Juicy's filed the instant Motion for Leave to Amend Third-Party Complaint on July 7, 2023, requesting to withdraw the claims for breach of contract and breach of warranty, while amending the negligence count by modifying the factual allegations, altering the negligence claim, and adding a claim for negligence *res ipsa loquitur*.[6]

### III. Parties' Respective Positions

#### 1. Juicy's Position

Juicy's asserts good cause exists for an extension of the scheduling order deadline to file a Fed. R. Civ. P. Rule 15(a)(2) motion for leave to amend, as required by Fed. R. Civ. P 16(b)(4).[7] Juicy's alleges it obtained new information after the deadline for filing a

---

[4] ECF No. 20.
[5] ECF No. 35.
[6] ECF Nos. 13, 53.
[7] ECF No. 53.

3

motion for leave to amend, which forms the basis for its amended negligence claim against EyeRate.

Juicy's also asserts leave should be freely given as justice so requires to amend pleadings prior to trial, and its proposed amended third-party complaint is neither unduly prejudicial nor futile, nor is it subject to dismissal under Fed. R. Civ. P. 12(b)(6).[8] Finally, Juicy's alleges it is not acting in bad faith or with a dilatory motive.[9]

### 2. EyeRate's Position

EyeRate does not address Fed. R. Civ. P. 16(b)(4), regarding the requirement of good cause to amend the scheduling order. Therefore, the Court determines EyeRate concedes good cause exists to amend the deadline for filing a motion for leave to amend.

EyeRate does argue the Motion should be denied under Fed. R. Civ. P. 15(a) due to Juicy's bad faith and futility of the amendment.

## IV. Discussion

Juicy's motion poses a host of issues for consideration which, in addition to a finding of good cause, includes a Fed. R. Civ. P. 15 analysis as to futility, incorporating a choice of law consideration, the economic loss rule, common law negligence, and negligence arising out of a contract. The Court will address each of these issues in turn.

---

[8] *Id.*
[9] *Id.*

1.      **Fed. R. Civ. P. 16(b)(4)**

Because the deadline set by the Court for filing motions seeking leave to amend has passed, the Court conducts a two-step analysis of Juicy's Motion.[10]  First, the Court looks to Fed. R. Civ. P. 16(b)(4), which provides, "[a] schedule may be modified only for good cause and with the judge's consent." If the Court finds there is good cause to amend the scheduling order, it must then determine whether to grant Juicy's motion for leave to file their amended pleading.[11] If Juicy's fails to satisfy either Rule 16(b)(4) or Rule 15(a), the district court does "not abuse its discretion in denying" a motion for leave to amend.[12]

To demonstrate good cause to amend the scheduling order, Juicy's must show the "scheduling deadlines cannot be met despite the movant's diligent efforts."[13] Courts have held the good cause requirement could be satisfied if, for example, the moving party learns of new information through discovery, or the underlying law has changed.[14]

In this case, Juicy's seeks to amend its third-party complaint by abandoning two claims and amending its negligence claim.[15] Juicy's alleges the bases for its modified negligence claim are found in an Excel file it received from EyeRate in May 2023 and documents it received regarding Plivo, a global platform used to enable businesses to communicate with their customers, on March 28, 2023.[16]  Because EyeRate does not

---

[10] ECF No. 13; *See Tesone v. Empire Marketing Strategies,* 942 F.3d 979, 989 (10th Cir. 2019).
[11] *Tesone* at 989-90.
[12] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d, 1230, 1241 (10th Cir. 2014).
[13] *Birch v. Polaris Indus., Inc.,* 812 F.3d 1238, 1247 (10th Cir. 2015) (quotations and alterations omitted).
[14] *Birch*, 812 F.3d at 1247 (quoting *Gorsuch,* 771 F.3d at 1240).
[15] ECF No. 53.
[16] *Id.*

dispute these documents were received by Juicy's well after the Court's December 9, 2002, deadline for seeking leave to amend pleadings,[17] the Court finds Juicy's has established good cause to extend the deadline for seeking leave to amend pleadings.

### 2. Fed. R. Civ. P. 15(a)

The Court, having established good cause to extend the deadline for seeking leave to amend its pleadings, is now in the proper position to consider whether Juicy's meets the standards of Rule 15(a)(2), which states, in part, "The court should freely give leave [to amend pleadings] when justice so requires."[18] Despite the direction to freely grant leave to amend, "a court may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[19] EyeRate does not argue undue delay, dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice; only that Juicy's proposed amended third-party complaint is brought in bad faith and is futile.[20] "Bad faith" is defined as "dishonesty of belief, purpose or motive."[21] The burden is on EyeRate to establish Juicy's bad faith.[22] Futility is determined based upon the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for

---

[17] ECF No. 13.
[18] Fed. R. Civ. P. 15(a)(2).
[19] *Orr v. Riederer*, No. 10-1303-CM, 2011 WL 13234391, at *3 (D. Kan. 2011) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted)).
[20] ECF No. 57.
[21] *Nordwald v. Brightlink Communications, LLC*, No. 20-2528-JWL; 2021 WL 4399488, at *3 (D. Kan. September 23, 2021).
[22] *See Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM, 2012 WL 2581000, at *2 (D. Kan. July 3, 2012).

failure to state a claim.[23]  As the party arguing futility of amendment, the burden is on EyeRate to show the proposed amendments would be futile.[24]

For the Court to find futility, it must determine the proposed amended third-party complaint does "not contain enough facts to state a claim for relief that are plausible on their face or [they] otherwise fail as a matter of law."[25] A proposed amendment is futile if the court determines the plaintiff can prove no set of facts in support of its claims that would entitle it to relief.[26] It does not matter how likely or unlikely the party is to actually receive the requested relief.[27] When applying this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[28] Further, the court "may not consider matters outside the pleadings, unless those documents are attached to the complaint or are referenced in the complaint."[29]

Because this case is based upon diversity of citizenship, the Court's first step is to examine choice of law principles.

---

[23] *Pedro v. Armour Swift-Eckrich*, 118 F. Supp.2d 1155, 1158 (D. Kan. 2000).
[24] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, No. 07-2463-JAR, 2008 WL 1867984, at *5 (D. Kan. Apr. 24, 2008).
[25] *Eagle v. USA Dent Company, LLC, et al.,* No. 20-cv-01146-JWB-TJJ, 2022 WL 17903796, at *5 (D. Kan. 2022) (citing *Bank Midwest v. R.F. Fisher Elec. Co., LLC*, No. 19-2560-JAR-GEB, 2021 WL 38008, at *6 (D. Kan. 2021)).
[26] *Orr* at *3 (citing *Pedro* at 1158).
[27] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).
[28] *Eagle* at *5 (D. Kan. 2022) (citing *Bank Midwest v. R.F. Fisher Elec. Co., LLC*, No. 19-2560-JAR-GEB, 2021 WL 38008, at *6 (D. Kan. 2021).
[29] *Weese v. Associated Wholesaale Grocers, Inc*., No. 99–2575–JWL, 2000 WL 1478541, at *2 (D. Kan. Sept. 28, 2000) (citing *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir.)).

### 3. Choice of Law

At the outset it is clear, and the parties do not dispute, the Court has subject matter jurisdiction based upon the parties' diversity of citizenship.[30] Plaintiff Schmitendorf is a citizen of Kansas, Juicy's is a citizen of Oklahoma, and EyeRate's citizenship lies in the states of Delaware and California.[31] A federal court exercising diversity jurisdiction applies the substantive law of the forum state, including its choice of law rules.[32] The *Erie* doctrine also directs the Court to apply federal procedural law when jurisdiction is based upon diversity of citizenship.[33]

Despite consistently arguing no contract exists between Juicy's and EyeRate, EyeRate argues the choice of law provision in the terms of its contract with other entities requires this Court to apply California law.[34] Of note, however, in its motion to dismiss the third-party complaint, EyeRate argues Kansas law applies to Juicy's negligence claim.[35] Juicy's Motion does not directly address the issue of choice of law, but it relies on Kansas law to support its arguments.[36] On the other hand, in its reply brief, Juicy's argues a contractual choice of law provision cannot apply when there is no contract between the parties.[37] In this instance, the Court will look to Kansas' choice of law rules to determine which state's substantive law controls.

---

[30] 28 U.S.C. § 1332.
[31] ECF Nos. 1, 20.
[32] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010) (citation omitted).
[33] *See Caranchini v. Peck,* 355 F.Supp.3d 1052, 1057 (D. Kan. Nov. 26, 2018).
[34] ECF Nos. 35, 40, 47; ECF No. 57.
[35] ECF No. 35.
[36] ECF No. 53.
[37] ECF No. 58.

Kansas courts have regularly applied the *lex loci delicti*, the law of the place of the wrong, doctrine to determine choice of law in tort cases.[38] In essence, the doctrine requires the law of the state where the tort occurred to control.[39] However, "where the injury occurs in Kansas and the negligent act occurs in another state, the law of the place of injury controls because it is the last act necessary to complete the tort."[40] But, in cases such as this, where financial injury is alleged, the law of the state in which plaintiff felt the financial injury controls.[41]

Here, Juicy's, a third-party Plaintiff, seeks to amend its third-party complaint to allege economic injuries caused by EyeRate's act of sending unauthorized texts to Plaintiff Schmitendorf on Juicy's behalf.[42] The alleged negligent act appears to be the sending of unauthorized text messages.  And this Court is directed by Kansas law to look to the state where Juicy's felt the economic effect of the injury, which is Oklahoma, the state where Juicy's is incorporated and the location of its principal place of business.[43] Therefore, this Court disagrees with both parties' assertions regarding choice of law and will apply Oklahoma substantive law in its analysis to address the issue of futility.

---

[38] *See Brown v. Kleen Kut Mfg. Co.,* 714 P.2d 942, 944 (Kan. 1986) (citing *McDaniel v. Sinn*, 400 P.2d 1018 (Kan. 1965); *Ling v. Jan's Liquors*, 703 P.2d 731, 735 (Kan. 1985) (citations omitted); *Ritchie Enters. v. Honeywell Bull, Inc.*, 730 F. Supp. 1041, 1046 (D. Kan. 1990) (citations omitted)).
[39] *Brown*, 714 P.2d at 944.
[40] *Freedom Transportation, Inc. v. Navistar International Corporation*, No. 2:18-cv-02602-JAR, 2019 WL 4689604, at *22 (D. Kan. Sept. 26, 2019) (citing *Brown* 714 P.2d at 944; *Ling*, 703 P.3d at 735; *Merriman v. Crompton Corp.*, 146 P.3d 162, 180 (Kan. 2006) (citation omitted)).
[41] *Zone Five, LLC v. Textron Aviation, Inc.*, No. 20-1059-DDC, 2023 WL 3478057, at *4 (D. Kan. May 16, 2023) (citing *Hermelink v. Dynamex Operations East, Inc.* 109 F.Supp.2d 1299, 1303 (D. Kan. June 9, 2000)).
[42] ECF No. 53.
[43] ECF No. 7. *See Bushnell Corp. v. ITT Corp.,* 973 F.Supp. 1276 n.2 (D. Kan. July 18, 1997).

### 4. Futility

EyeRate argues Juicy's proposed amended negligence claim is barred by the economic loss rule, and, therefore, futile. Having determined Oklahoma's substantive law controls, the Court turns to Oklahoma caselaw to determine whether the economic loss rule is a bar to Juicy's negligence claims. Oklahoma courts have adopted the economic loss rule in connection with products liability cases when a party's losses are solely economic and do not involve damages to person or property.[44] In those specific instances, the losses have not traditionally been protected by tort law.[45] And, neither party has submitted any case law indicating Oklahoma has expanded the economic loss rule to apply to cases other than manufacturer's product liability or negligence actions for injury to property.[46] Based upon Oklahoma's seemingly limited application of the economic loss rule, the Court does not find Juicy's proposed amended third-party complaint is futile on that basis.

However, the Court believes it prudent to examine whether Juicy's proposed amendments are futile on other grounds. Juicy's seeks to abandon two claims, (including its claim against EyeRate for the negligent performance of services under a breach of implied warranty claim,) modify its claim for negligence, and add a claim of negligence *res ipsa loquitur*. The three elements of a negligence claim under Oklahoma law are substantially similar to proof of negligence in most states. They are: "(1) a duty owed by

---

[44] *See Compsource Oklahoma v. BNY Mellon, N.A, et al.*, No. CIV-08-469-KEW, 2009 WL 2366112, at *2 (E.D. Okla, July 31, 2009).
[45] *Id.* (citing *Waggoner v. Town & Country Mobile Homes, Inc.*, 808 P.2d 649, 653 (Okla.1990)).
[46] *Meier, et al. v. Chesapeake Operating, LLC, et al.*, 324 F.Supp.3d 1207, n.6 (W.D. Okla. August 13, 2018.)

10

the defendant to protect plaintiff from injury[,] (2) failure to fulfill [or a breach of] that duty[,] and (3) injuries to plaintiff proximately caused by defendant's failure to meet the duty."[47] Juicy's proposed amendments to its negligence claims includes an allegation EyeRate owed it a duty of "reasonable care under the circumstances" and further alleges the duty was created when EyeRate accepted payment from Juicy's for sending the promotional text messages.[48] Juicy's does not allege any special relationship between the parties or any controlling contract, but only an arm's length commercial transaction.

Juicy's Motion seeks leave to amend its common law negligence claim. The Court will analyze both Juicy's proposed negligence claim and whether Oklahoma law provides an avenue for Juicy's to bring a claim for negligence arising out of a contract.

      i.    **Common Law Negligence**

Oklahoma has codified the common law principle of tort liability at 76 O.S.2011 § 1, which states, "Every person is bound, without contract, to abstain from injuring the person or property of another or infringing upon any of his rights." Yet, case law has established there is no "broad, general duty to the world at large."[49] "Common law tort principles are used to determine a defendant's duty in the absence of a contractual relationship."[50] Without regard to the relationship between the parties:

---

[47] *T.D. Williamson, Inc. v. Lincoln Electric Automation, Inc.*, No. 21-CV-153-GKF-JFJ, 2022 WL 16842907, at *2 (N.D. Okla. Jan. 21, 2022) (citing *Fargo v. Hays-Kuehn*, 352 P.3d 1223, 1227 (Okla. 2015)); *Also see Williams v. New Beginnings Residential Care Home*, 225 P.3d 17, 26 (Sept. 9, 2009) (holding that, as in all negligence cases, *res ipsa loquitur* requires a duty owed by defendant to plaintiff).
[48] ECF No. 53, Exh.A.
[49] *Snow v. TravelCenters of America LLC, et al.*, 527 P.3d 741, 753, (July 12, 2022) (internal quotation marks omitted).
[50] *Id.*

11

> "a person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person."[51]

The question of whether a duty exists is a legal question, and Oklahoma courts consider several factors to determine whether a particular plaintiff is entitled to protection.[52] The critical consideration is foreseeability of harm to the plaintiff.[53]

Because Juicy's alleges it should be entitled to amend its third-party complaint due to the economic harm it suffered or will suffer as a result of EyeRate's act of sending unauthorized text messages to Plaintiff Schmitendorf, the Court must analyze whether EyeRate should have foreseen the particular harm to Juicy's. Plaintiff Schmitendorf alleges he never consented to receiving promotional texts from Juicy's, let alone EyeRate. And of significance, he has been registered on the national "do not call" registry since October 20, 2021.[54] Further, Schmitendorf alleges despite being registered on the "do not call" list and never consenting to the receipt of any promotional texts from Juicy's, he began receiving marketing text messages, which he construed to be from Juicy's, in May 2022.[55] The Court determines EyeRate could not foresee that Juicy's would completely

---

[51] *Lowery v. Echostar Satellite Corp.,* 160 P.3d 959, 964 (May 22, 2007) (citing Lisle v. Anderson, 1916 OK 92, 61 Okla. 68, 159 P. 278)).
[52] *Lowery* (citing *Iglehart v. Bd. of County Commissioners of Rogers County*, 2002 OK 76, ¶ 10, 60 P.3d 497, 502.).
[53] *Id.*
[54] ECF No. 1; (Juicy's incorporates the allegations of Plaintiff Schmitendorf's complaint into its proposed amended third-party complaint, allowing the Court to consider those allegations in its analysis of the futility argument under Fed. R. Civ. P. 12(b)(6)).
[55] *Id.*

ignore the mandates of the TCPA and use EyeRate's platform to send promotional text messages to the telephone number of a person who never consented to the receipt of such marketing texts and whose telephone number is registered on the national "do not call" list.[56] Therefore, the harm or potential harm to Juicy's could not be foreseen by EyeRate.

Next, the Court will briefly address the other factors for consideration in determining whether Oklahoma common law imposes a duty on EyeRate. Those factors are: 1) The degree of certainty of harm to the plaintiff; 2) Moral blame attached to defendant's conduct; 3) Need to prevent future harm; 4) Extent of the burden to the defendant and consequences to the community of imposing the duty on defendant; and, 5) availability of insurance for the risk involved.[57]

The degree of certainty of harm to Juicy's weighs in its favor because there is likely economic harm to it as a result of the text messages going to Plaintiff Schmitendorf multiple times. However, those messages could not have been sent without Juicy's uploading Plaintiff Schmitendorf's telephone number at the outset. There is no moral blame to be attributed to EyeRate; any moral blame would be attributable to Juicy's for failure to comply with the TCPA when using EyeRate's platform. There is no need to prevent future harm, as most businesses that send promotional texts will likely know the requirements of the TCPA or at least the existence of the "do not call" registry. The burden to EyeRate if the Court found a duty existed is extensive; such a duty could create a burden requiring

---

[56] *See* 47 U.S.C. § 227.
[57] *Robertson v. Frontera Produce, Ltd.*, No. CIV-11-1321-R, 2014 WL 12729280, at *3 (W.D. Okla. Jan, 23, 2014) (citing *Lowery*, 160 P.3d at 964)).

EyeRate to ostensibly train all users of its platform on the requirements imposed by the TCPA. The Court has no information regarding the availability of insurance for the risk involved. After carefully considering all the factors to determine whether EyeRate owed a legal duty to Juicy's and giving crucial consideration of the foreseeability factor, the Court finds no common law legal duty exists in this case. Even when viewing the proposed amendments to the third-party complaint in the light most favorable to Juicy's, its negligence and *res ipsa loquitur* claims fail as a matter of law.

Finally, the Court will address whether Juicy's negligence claim could survive if it claimed EyeRate's negligence arises out of contractual duties.

### ii.     Negligence Arising from Contract

Despite the existence of an arm's length commercial transaction between Juicy's and EyeRate, Juicy's seeks to maintain its claim for negligence. It does not allege the existence of a contract between the parties in its proposed amended third-party complaint, but, even if Juicy's alleged the existence of a contract, a claim for negligence arising out of a breach of the contract, viewed in the light most favorable to Juicy's, would likely be futile.

In *T.D. Williamson, Inc. v. Lincoln Electric Automation, Inc.,* plaintiff alleged negligence and gross negligence against defendant during the bidding process and prior to contract negotiations between it and defendant, two commercial entities, regarding the design and construction of a robotic welder.[58] Plaintiff also alleged defendant had a duty

---

[58] 21-CV-153-GKF-JFJ, 2022 WL 16842907, at *1, 4 (N.D. Okla. Jan. 21, 2022).

"to design and build the Robotic Welder with ordinary care consistent with the industry standards."[59] In granting defendant's motion to dismiss the negligence claims, the court found, "Without an independent basis to support a tortious wrongdoing, a tortious breach is nothing more than a breach of contract."[60] Further, "There is simply no general duty to use reasonable care in the performance of a contract."[61] However, every contract includes an "implied duty of good faith and fair dealing," of which a breach in ordinary commercial contracts result in damages for a breach of contract, not tort liability.[62]

## V.     Conclusion

Juicy's proposed amended third-party complaint fails to allege facts to establish EyeRate owed it a legal duty, and the Court finds Juicy's proposed negligence and *res ipsa loquitur* claims are futile.  Because the Court has determined Juicy's claims against Eyerate are futile and recommends the amendment of Count II be denied on that basis, the Court need not consider EyeRate's bad faith argument in connection with the negligence claims.

**IT IS THEREFORE ORDERED**, the Court finds Juicy's established good cause as required by Fed. R. Civ. P. 16(b)(4), and it will consider Juicy's motion seeking leave to amend its third-party complaint. **(ECF No. 53).**

**IT IS FURTHER ORDERED** Juicy's Motion **(ECF No. 53)**, as it relates to abandoning Counts I and III is **GRANTED**.

---

[59] *Id.* at *4.
[60] *T.D. Williamson, Inc.* at *4 (citing *First Sec. Bank of Beaver, Okla. v. Taylor*, 964 F.2d 1053, 1058 (10th Cir. 1992)).
[61] *Id.* at *3 (citing *Embry v. Innovative Aftermarket Systems L.P.,* 247 P.3d 1158 (Okla. 2010)).
[62] *Id.* (citing *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 561 (Okla. 2004)).

**IT IS RECOMMENDED**, Juicy's Motion **(ECF No. 53),** as it relates to amending Count II be **DENIED.**

**IT IS SO ORDERED.**

Dated September 27, 2023, at Wichita, Kansas.

                                                        s/ Gwynne E. Birzer
                                                        GWYNNE E. BIRZER
                                                        United States Magistrate Judge