### In the United States District Court
### for the District of Kansas

————————

### Case No. 22-cv-02293-TC-GEB

————————

BRADY SCHMITENDORF,

*Plaintiff*

v.

JUICY'S VAPOR LOUNGE, INC.,

*Defendant*

————————

### MEMORANDUM AND ORDER

Plaintiff Brady Schmitendorf sued Defendant Juicy's Vapor Lounge, Inc., arguing that Juicy's violated the Telephone Consumer Protection Act. Doc. 1. Juicy's moved for judgment on the pleadings. Doc. 33. For the following reasons, Juicy's motion is denied.

### I

### A

A motion for judgment on the pleadings is appropriate "[a]fter the pleadings are closed," which means "upon the filing of a complaint and answer." *Progressive Cas. Ins. Co. v. Estate of Crone*, 894 F. Supp. 383, 385 (D. Kan. 1995); *see* 5C Wright & Miller, *Federal Practice & Procedure* § 1367 (3d ed. 2021); *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 810 n.3 (10th Cir. 2021) (noting that each defendant must answer). Rule 12(c) governs these motions. Its standard is identical to that for a motion to dismiss under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Evaluating a motion to dismiss is a two-step process. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009); *see also Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). First, the Court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Iqbal*, 556 U.S. at 678–80. Second, the Court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A claim need not be probable to be considered plausible. *Id.* But the facts, viewed in the light most favorable to the claimant, must adduce "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

**B**

Schmitendorf alleges that Juicy's sent unsolicited texts to phone numbers listed on the national "Do Not Call" registry. Doc. 1.[1] His number was among them. *Id.* at ¶ 21. These texts, he says, violated the Telephone Consumer Protection Act. *Id.* at ¶ 3 (citing 47 U.S.C. § 227(c)(5)).

The Federal Communications Commission has authority to implement the TCPA. *See* 47 U.S.C. § 227(c). It may therefore promulgate regulations that "protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." *Id.* at § 227(c)(1). Subscribers need not rely on the FCC to enforce these regulations, since the TCPA creates a private right of action. *Id.*

---

[1] All citations are to the document and page number assigned in the CM/ECF system.

at § 227(c)(5). Subscribers may rely upon the TCPA's private right of action to sue telemarketers who violate Section 227 regulations.

Schmitendorf's claims rely on two such regulations. He seeks relief individually and on behalf of two putative classes. Doc. 1.

The first putative class includes individuals whose phone numbers were listed on the national "Do Not Call" registry before Juicy's texted them. Doc. 1 at ¶ 39. Those texts, Schmitendorf says, violated a regulation providing that "[n]o person or entity shall initiate any telephone solicitation to … [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." *Id.* at ¶ 46 (citing 47 C.F.R. § 64.1200(c)).

The second putative class includes individuals who received texts even after "request[ing] that Defendant stop calling and/or texting." Doc. 1 at ¶ 39. The TCPA and its implementing regulations force telemarketers to honor such requests. Specifically, they must "institute[] procedures for maintaining a list of persons who request not to receive … calls" made by them or on their behalf. 47 C.F.R. § 64.1200(d). These procedures must meet certain "minimum standards." *Id.* at § 64.1200(d)(1)–(6).

Schmitendorf relies upon TCPA regulations that protect "residential telephone subscriber[s]." 47 C.F.R. § 64.1200(c)–(d). He must therefore have pled that his cell phone qualifies as a residential telephone. *See id.* Juicy's says he has failed to do so and seeks judgment on the pleadings for that reason. Doc. 33.

## II

The TCPA protects "residential telephone line[s]." *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 28 (10th Cir. 2021). The Act itself does not define this term. Generally, though, the Tenth Circuit has concluded that residential telephones are landlines associated with homes rather than businesses. *See Mainstream Mktg. Servs., Inc. v. F.T.C.*, 358 F.3d 1228, 1233 (10th Cir. 2004); *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2363 (2020) (Gorsuch, J., concurring). Analogous cell phones count, too. *See Nat'l Union Fire Ins. Co. of Pittsburgh*, 17 F.4th at 28; *see also Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1220 (10th Cir. 2021) (considering jurisdiction in a TCPA case based on cell phone contacts); *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022) (analyzing this issue). So at this stage,

3

Schmitendorf need only allege facts indicating that his cell phone was a residential telephone as that term is understood in the TCPA context. *Iqbal*, 556 U.S. at 678.

The facts he alleges satisfy *Iqbal*'s standard. He pled that his number "has been registered with the DNC [do not call list] since October 20, 2021." Doc. 1 at ¶ 21. He repeatedly refers to "his cell phone" or "Plaintiff's cell phone," suggesting personal use. *E.g.*, *id.* at ¶¶ 25, 27. And he refers to himself as a telephone subscriber, indicating that he—not some other entity—owns the phone and associated number. *Id.* at ¶ 48. That satisfies his burden at this stage.

Juicy's disagrees, arguing that Schmitendorf merely pled conclusions. Doc. 33 at 7 (quoting Doc. 1 at ¶ 22). But while it is true that a court need not accept conclusory statements as fact, *Iqbal*, 556 U.S. at 678, Schmitendorf pled more than conclusions, alleging, for example, that he used his cell phone "for personal use only." Doc. 1 at ¶ 22. This excludes the possibility of mixed or business use. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373–74 (2012) (summarizing the effect of the TCPA). Other courts to consider the issue have found similar allegations adequate. *E.g.*, *Marks v. Unique Lifestyle Vacations, LLC*, No. 20-4915, 2021 WL 5495778, at *3 (E.D. Pa. Nov. 22, 2021); *Klassen v. Solid Quote LLC*, No. 23-CV-00318, 2023 WL 7544185, at *3 (D. Colo. Nov. 14, 2023).

Juicy's notes that some courts have required more robust allegations. Doc. 33 at 6 (citing *Gillam v. Reliance First Cap., LLC*, No. 21-CV-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) and *Hicks v. Alarm.com Inc.*, No. 20-CV-532, 2020 WL 9261758 (E.D. Va. Aug. 6, 2020)). But these cases, even if they were binding, are unpersuasive for a couple of different reasons.

First, they are distinguishable in material respects. In *Gilliam*, the plaintiff alleged only that his cell phone was "primarily for personal use," 2023 WL 2163775, at *4, implying other—perhaps commercial—usage. Schmitendorf's allegations preclude that implication: He says he used his cell phone "for personal use *only*." Doc. 1 at ¶ 22 (emphasis added). Accordingly, he need not plead many more facts to "make clear exactly who is alleged to have done what to whom." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (noting that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context"). *Hicks* is also distinguishable. That plaintiff's argument failed in part because it lacked details

4

about the plaintiff's own phone use. 2020 WL 9261758, at *5. Schmitendorf, by contrast, is focused on "his cell phone number," "his cell phone," and enjoying "his phone." Doc. 1 at ¶¶ 22, 24, 37.

Second, a broader point about the *Iqbal* standard. Rule 8(a)(2) says that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A statement that the defendant violated the law is not enough, as the plaintiff must also refer to "factual content." *Iqbal*, 556 U.S. 662, 663 (2009). Yet "[u]nlike the technical pleading requirements of a bygone era … these directives do not exist for their own sake." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). They exist to prevent costly discovery, preserve judicial resources, and so on. *Id.*; *see also Iqbal*, 556 U.S. at 663. At this point, Schmitendorf's claim is clear. He alleges that he used his cell phone only in personal contexts. Doc. 1 at ¶ 22. That may or may not be supported by the discovery, but the allegation is not a legal conclusion about residential telephones; it is a factual allegation about how he uses his phone. More—such as examples of in what manner he used his phone—is neither useful nor required by either Rule 8 or *Iqbal*.

Even accepting that Schmitendorf failed to adequately describe his cell phone use, dismissal remains inappropriate. He pled that his number is registered on the national "do not call" list. Doc. 1 at ¶ 21. The do-not-call registry is only open to residential subscribers, so anyone on it is likely a residential subscriber. 47 U.S.C. § 227(c)(1)). And Schmitendorf says he added his number. That act bolsters his other allegations at this stage of the proceedings. *But see Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 657 (W.D. Tenn. 2020) (recognizing at least two district courts have found such registration sufficient at the motion to dismiss stage but finding registration less useful at summary judgment).

Schmitendorf pled that he was a residential subscriber. Doc. 1 at ¶ 22. He also pled that he was registered on the do-not-call registry, Doc. 1 at ¶ 21, which supports his residential subscriber allegation. And he rounded out those statements with other information about the personal nature of his subscription. *E.g.*, *id.* at ¶¶ 24, 37. These assertions, though sparse, satisfy Rule 8(a)(2).

## III

For the foregoing reasons, Juicy's Motion for Judgment on the Pleadings, Doc. 33, is DENIED.

It is so ordered.

Date: March 6, 2024     _s/ Toby Crouse_____
            Toby Crouse
            United States District Judge